# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: June 28, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| STEPHAN DIAS, | * | |
| | * | |
| Petitioner, | * | Case No.: 22-287V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Diana L. Stadelnikas*, Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.
*Emilie Williams,* U.S. Dept. of Justice, Washington, D.C., for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On May 3, 2024, Stephan Dias ("petitioner") filed a Motion for Interim Attorneys' Fees and Costs in connection with a previously-filed Motion to Withdraw as Attorney of Record. Petitioner's ("Pet'r") Interim Fees Motion ("Int. Mot.") (ECF No. 39); Pet'r Motion to Withdraw (ECF No. 35). For the reasons discussed below, I hereby **GRANT** petitioner's motion and award **$59,039.29** in interim attorneys' fees and costs.

### I.    Procedural History

On March 14, 2022, petitioner filed a petition for compensation in the National Vaccine Injury Compensation Program ("Vaccine Program").[2] *See* Petition (ECF No. 1). Petitioner

---

[1] In accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012), because this opinion contains a reasoned explanation for the action in this case, **this opinion will be posted** https://www.govinfo.gov/app/collection/uscourts/national/cofc. This means the opinion will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). **If neither party files a motion for redaction within 14 days, the entire opinion will be posted on the website and available to the public in its current form.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

alleges that, as a result of a fluzone vaccine he received on October 7, 2020, he suffered from Guillain-Barre Syndrome ("GBS"). Petition at 1, 4.

Petitioner filed supporting medical records, and a statement of completion was filed on November 7, 2022. *See* Pet'r Ex. 1-10 (ECF No. 6); Pet'r Ex. 11 (ECF No. 7); Pet'r Ex. 12 (ECF No. 10); Pet'r Ex. 13-14 (ECF No. 12). On May 19, 2023, respondent filed his Rule 4(c) report, arguing that this case was not appropriate for compensation based on petitioner's failure to meet the six-month severity requirement in the Vaccine Program. Resp't Rept (ECF No. 27). The case was transferred out of SPU and reassigned to my docket on September 20, 2023. *See* Activation and Reassignment Order (ECF No. 28).

I held a telephonic status conference on January 16, 2024 and ordered petitioner to file any outstanding medical records to substantiate his contention that he suffered from GBS symptoms for at least six months. Scheduling Order, Jan. 29, 2024 (ECF No. 31). On March 4, 2024, petitioner filed a status report indicating that petitioner plans to continue pursuing his vaccine case and would seek new counsel. Pet'r Status Report, March 4, 2024, at 1 (ECF No. 33).

On April 5, 2024, petitioner's counsel filed a Motion to Withdraw as Attorney, citing irreconcilable differences regarding case management, and requested a stay on the ruling until May 6, 2024, to allow petitioner time to explore new counsel and to facilitate the resolution of the instant Motion for Fees. Pet'r Motion to Withdraw at 1, 2. I deferred the ruling on petitioner's motion to withdraw and petitioner filed the instant Motion for Attorneys' Fees and Costs on May 3, 2024. *See* Int. Mot. Petitioner requests compensation in the total amount of $59,039.29, representing $57,039.00 in attorneys' fees and $2,000.29 in costs. *Id.* at 1. Petitioner filed supporting declarations from attorney Diana Stadelnikas and managing partner Danielle Strait, as well as invoices detailing attorneys' fees and case costs. *See* Pet'r Ex. 42-46 (ECF No. 39). Respondent filed a response to petitioner's motion for attorney's fees on June 4, 2024, indicating that "respondent is satisfied the statutory requirement for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't Response to Int. Mot. at 2, 3-4 (ECF No. 41).

The matter is now ripe for adjudication.

## II. Entitlement to Attorneys' Fees and Costs

### a. Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a

competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). A petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the claim for which the petition was brought." *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed Cl. 297, 303 (2011)). The objective reasonable basis inquiry turns on the "feasibility of the claim" at hand, rather than the likelihood of its success. *Turner,* 2007 WL 4410030, at *6. The evidentiary standard to satisfy a reasonable basis inquiry is "more than a mere scintilla but less than a preponderance of proof." *Cottingham v. Sec'y of Health & Human Servs.*, 971 F.3d 1337, 1345 (Fed. Cir. 2020).

Here, respondent does not contest reasonable basis. *See* Resp't Resp. to Int. Mot. The fact that petitioner's medical records, as filed, reflect that he was diagnosed with GBS eleven days after his vaccination provides more than a mere scintilla of proof to meet the reasonable basis requirement. Pet'r Ex. 4 at 54, 79; 42 C.F.R. § 100.3 (designating GBS with onset no less than three and no more than 42 days after the seasonal flu vaccination as a Table injury). Thus, I find that petitioner has satisfied the reasonable basis standard and brought the petition in good faith.

    b. **Interim Awards**

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. However, the factors enunciated in *Avera* that warrant interim fees are not exhaustive and there are ultimately many factors bearing on the merit of an interim fee application. *See McKellar*, 101 Fed. Cl. at 301.

Interim attorneys' fees have also been permitted under the Vaccine Act when petitioner's counsel withdraws from the case. *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012). In *Woods*, the Court of Federal Claims held that it was proper to grant an interim award when counsel withdrew due to irreconcilable differences because "there is no reason to force counsel, who have ended their representation, to delay receiving fees indefinitely until the matter is ultimately resolved." 105 Fed. Cl. at 154.

I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/or the aggregate amount of expert costs is less than $15,000.00. If any one of these conditions exists, I generally defer ruling until

these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

In light of the pending motion for petitioner's counsel to withdraw due to irreconcilable differences, an interim fees award is appropriate at this time. Further, this case has been pending for over two years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 148. Lastly, the amount of fees requested exceeds $30,000.00, and respondent has not raised any objections to the motion. As such, I find that it is proper to award interim attorneys' fees and costs.

### III. Reasonable Attorneys' Fees and Costs

#### a. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

#### b. Hourly Rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

Court has since updated the *McCulloch* rates. The Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedules for 2021-2024 can be accessed online.[3]

Petitioner requests a total of $57,039.00 in attorneys' fees for work done by his attorneys Altom Maglio, Diana Stadelnikas, Isaiah Kalinowski, and LeeAnne Pedrick, as well as for paralegal support provided by various paralegals. *See* Pet'r Ex. 42 at 36-37. Petitioner requests the following rates for the work of his counsel:

|  | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|
| Mr. Altom Maglio | $445 | | | |
| Ms. Diana Stadelnikas | | $490 | $525 | $560 |
| Mr. Isaiah Kalinowski | $430 | | | |
| Ms. LeeAnne Pedrick | $195 | $220 | | |

Petitioner also requests the following rates for paralegal work: $155-$165 per hour for work performed in 2021; $160-$170 per hour for work performed in 2022; $170-$180 per hour for work performed in 2023; and $190 per hour for work performed in 2024. *Id.*

The hourly rates requested for Ms. Stadelnikas are consistent with the forum hourly rate fee schedule given her experience as well as what has previously been awarded for her work in the Vaccine Program. *See Huerta v. Sec'y of Health & Human Servs.*, No. 21-2100V, 2024 U.S. Claims LEXIS 932 at *6 (Fed. Cl. Apr. 4, 2024) (awarding Ms. Stadelnikas' requested rates from 2022-2024). The hourly rates requested for Mr. Maglio, Mr. Kalinowski, and Ms. Pedrick are also consistent with what they have previously been awarded for their Vaccine Program work. *See Godfrey v. Sec'y of Health & Human Servs.*, No. 17-1419V, 2023 U.S. Claims LEXIS 2071 at *10 (Fed. Cl. Aug. 15, 2023) (awarding Mr. Kalinowski's 2021 rate); *Cain v. Sec'y of Health & Human Servs.*, No. 17-264V, 2022 U.S. Claims LEXIS 789 at *4 (Fed. Cl. Apr. 5, 2022) (awarding Ms. Pedrick's requested rates from 2021-2022); *Bielak v. Sec'y of Health & Human Servs.*, No. 18-761V, 2023 U.S. Claims LEXIS 1110 at *6-7 (Fed. Cl. May 4, 2023) (awarding Mr. Maglio's requested 2021 rate).

The rates requested for paralegal work are consistent with the hourly rate fee schedules for each respective year. Therefore, I find the requested rates to be reasonable for the work performed in the instant case.

### c. Hours Expended

A line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special

---

[3] The 2021-2024 Fee Schedules can be accessed at https://www.uscfc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health and Human Servs.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

After review of the submitted invoices, I find that the overall hours spent on this matter are reasonable. The entries are reasonable and accurately describe the work performed and the length of time it took to perform each task. *See generally* Pet'r Ex. 42. Further, respondent has not identified any particular entries as objectionable. Therefore, petitioner is entitled to $57,039.00 in attorneys' fees.

### d.  Attorneys' Cost

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner requests a total of $2,000.29 in costs. Int. Mot. at 1. Petitioner's costs include acquisition of medical records, shipping, postage, copying, and legal filing fees. *See* Pet'r Ex. 43 at 1-3. $1,387.86 of the requested costs are associated with the acquisition of medical records in this case. *Id.* $145.04 of the requested costs cover shipping, postage, and copying, and the remaining $467.39 in costs are for legal filing, legal research, and certified signature requests. *Id.*

Given the number medical records that have been filed in this case and the number of medical record requests submitted to various providers by petitioner's counsel, the amount associated with the acquisition of medical records is reasonable. Additionally, the other costs incurred by petitioner's counsel are typical costs in the Vaccine Program. Therefore, petitioner is entitled to recover the full amount of his requested costs in the amount of $2,000.29.

### IV.  Conclusion

In accordance with the above, petitioner's motion for interim attorneys' fees and costs is hereby **GRANTED. Accordingly, I award the following:**

1) **A lump sum of $59,039.29 for interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Ms. Diana Stadelnikas.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).